**United States District Court**
For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4    RICKY LANDELL FEAGINS, JR.,                         No. C 12-06054 YGR (PR)

5                Plaintiff,                              **ORDER TO SHOW CAUSE REGARDING**
                                                         **EXHAUSTION**
6        vs.

7    CONTRA COSTA COUNTY, et al.,

8                Defendants.
                                                    /
9

10                                   **INTRODUCTION**

11          Plaintiff, proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging

12   that while he was at intake at the West County Detention Facility, four deputies proceeded to attack

13   him using excessive force.  He also seeks leave to proceed *in forma pauperis*, which will be granted

14   in a separate Order.

15          For the reasons explained below, the Court issues an order to Plaintiff to show cause why the

16   case should not be dismissed for failure to exhaust his administrative remedies prior to filing this

17   action.

18                                    **DISCUSSION**

19          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

20   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims

22   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

23   relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se*

24   pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696,

25   699 (9th Cir. 1988).

26          The Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996)

27   ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C.

28   § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

**United States District Court**
For the Northern District of California

1  facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

2  Exhaustion is mandatory and not left to the discretion of the district court. *Woodford v. Ngo*, 548

3  U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life,

4  whether such actions involve general conditions or particular episodes, whether they allege

5  excessive force or some other wrong, and even if they seek relief not available in grievance

6  proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion

7  requirement requires "proper exhaustion" of all available administrative remedies. *Ngo*, 548 U.S. at

8  93.

9          Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates

10  with a right to "appeal and have resolved grievances" relating to their confinement.

11          Because exhaustion under Section 1997e(a) is an affirmative defense, a complaint may be

12  dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint

13  and/or any attached exhibits. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The Court

14  may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and

15  "no exception to exhaustion applies." *Id.* at 1120. Here, Plaintiff concedes that, at the time he filed

16  this action, he was still going through the appeals process, but because he "ha[d] not received any

17  responds [sic]" at the final level of appeal, he "believe[d] [he] exhausted" his administrative

18  remedies. (Compl. at 2.) Plaintiff's allegations seem to suggest that he believes the exhaustion

19  requirement should be excused because the appeals process was taking too long. Again, Plaintiff

20  notes that he filed his "last appeal" on November 5, 2012 and did not receive a response to his

21  appeal on November 16, 2012. (*Id.*) The record shows that he consequently filed the instant action

22  that very same date -- November 16, 2012. Plaintiff has not presented any extraordinary

23  circumstances which might compel that he be excused from complying with PLRA's exhaustion

24  requirement. *Cf. Booth*, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions"

25  into § 1997e(a)).

26          Accordingly, the Court issues an order to Plaintiff to show cause as to why this case should

27  not be dismissed for failure to exhaust his administrative remedies prior to filing this action.

28  Plaintiff shall file a response to the order to show cause no later than **twenty-eight (28) days** from

**United States District Court**
For the Northern District of California

1 the date of this Order. The Court notes if Plaintiff has not fully exhausted his administrative

2 remedies prior to filing this action, the complaint will be dismissed without prejudice.

3 **CONCLUSION**

4      Plaintiff is ordered to show cause why this case should not be dismissed for failure to

5 exhaust his administrative remedies prior to filing this action. Plaintiff shall file a written response

6 to the order to show cause no later than **twenty-eight (28) days** from the date of this Order.

7      **Failure to comply with this order within the deadline provided will result in the**

8 **dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).**

9      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed

10 of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to

11 Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action

12 is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-

13 11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se*

14 party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to

15 receive within sixty days of this return a written communication from the *pro se* party indicating a

16 current address. *See* L.R. 3-11(b).

17      Extensions of time are not favored, though reasonable extensions will be granted. Any

18 motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline

19 sought to be extended.

20      IT IS SO ORDERED.

21 DATED: February 19, 2013                                         
YVONNE GONZALEZ ROGERS

22                                           UNITED STATES DISTRICT COURT JUDGE

23

24

25

26

27

28