IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICKY LANDELL FEAGINS, JR.,

    Plaintiff,

vs.

CONTRA COSTA COUNTY, et al.,

    Defendants.

No. C 12-06054 YGR (PR)

**ORDER TO SHOW CAUSE REGARDING EXHAUSTION**

## INTRODUCTION

Plaintiff, proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that while he was at intake at the West County Detention Facility, four deputies proceeded to attack him using excessive force. He also seeks leave to proceed *in forma pauperis*, which will be granted in a separate Order.

For the reasons explained below, the Court issues an order to Plaintiff to show cause why the case should not be dismissed for failure to exhaust his administrative remedies prior to filing this action.

## DISCUSSION

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

The Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

1  facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
2  Exhaustion is mandatory and not left to the discretion of the district court. *Woodford v. Ngo*, 548
3  U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life,
4  whether such actions involve general conditions or particular episodes, whether they allege
5  excessive force or some other wrong, and even if they seek relief not available in grievance
6  proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion
7  requirement requires "proper exhaustion" of all available administrative remedies. *Ngo*, 548 U.S. at
8  93.

9  Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates
10 with a right to "appeal and have resolved grievances" relating to their confinement.

11 Because exhaustion under Section 1997e(a) is an affirmative defense, a complaint may be
12 dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint
13 and/or any attached exhibits. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The Court
14 may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and
15 "no exception to exhaustion applies." *Id.* at 1120. Here, Plaintiff concedes that, at the time he filed
16 this action, he was still going through the appeals process, but because he "ha[d] not received any
17 responds [sic]" at the final level of appeal, he "believe[d] [he] exhausted" his administrative
18 remedies. (Compl. at 2.) Plaintiff's allegations seem to suggest that he believes the exhaustion
19 requirement should be excused because the appeals process was taking too long. Again, Plaintiff
20 notes that he filed his "last appeal" on November 5, 2012 and did not receive a response to his
21 appeal on November 16, 2012. (*Id.*) The record shows that he consequently filed the instant action
22 that very same date -- November 16, 2012. Plaintiff has not presented any extraordinary
23 circumstances which might compel that he be excused from complying with PLRA's exhaustion
24 requirement. *Cf. Booth*, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions"
25 into § 1997e(a)).

26 Accordingly, the Court issues an order to Plaintiff to show cause as to why this case should
27 not be dismissed for failure to exhaust his administrative remedies prior to filing this action.
28 Plaintiff shall file a response to the order to show cause no later than **twenty-eight (28) days** from

the date of this Order. The Court notes if Plaintiff has not fully exhausted his administrative remedies prior to filing this action, the complaint will be dismissed without prejudice.

## CONCLUSION

Plaintiff is ordered to show cause why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing this action. Plaintiff shall file a written response to the order to show cause no later than **twenty-eight (28) days** from the date of this Order.

**Failure to comply with this order within the deadline provided will result in the dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).**

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: February 19, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**